**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Ray VELA–SALINAS,**
**Defendant–Appellant.**

**No. 04–40550.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**310**

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Mark Michael Dowd, U.S. Attorney's Office, Brownsville, TX, Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Sandra Zamora Zayas, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the sentence of Luis Ray Vela–Salinas (Vela). *United States v. Vela–Salinas,* 115 Fed. Appx. 238, 239 (5th Cir. Dec.17, 2004)(No. 04–40550)(unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Vela argues that sentencing him under the mandatory Sentencing Guidelines regime held unconstitutional in *Booker* constituted reversible plain error. However, to meet the third prong of the plain error analysis and show that the error affected his substantial rights, Vela bears the burden of "establish[ing] that the error affected the outcome of the district court proceedings." *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir. 2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Our review of the sentencing transcript reveals that he has not carried this burden. The transcript indicates that the district court sentenced Vela to the middle of the applicable Guidelines range and denied a defense motion for a downward departure. Nothing in the record indicates that the sentencing judge would have given a lower sentence if he had treated the Guidelines as advisory rather than mandatory. *See United States v. Mares,* 402 F.3d 511, 521–22 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Vela's conviction and sentence.

AFFIRMED.